UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Richard Wagner**, | ) |
| | ) |
| Plaintiff, | ) Case 2:23-cv-2650 |
| v. | ) |
| | ) |
| **Mattis Properties, LLC,** an Ohio limited liability company | ) |
| | ) |
| And | ) |
| | ) |
| **United Dairy Farmers, Inc.,** an Ohio for profit company | ) |
| | |
| Defendant. | |

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendants **MATTIS PROPERTIES, LLC,** an Ohio limited liability company and **UNITED DAIRY FARMERS, INC.,** an Ohio for profit company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, RICHARD WAGNER, is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant, **MATTIS PROPERTIES LLC** owns the property located at 9665 Sawmill Rd. Powell, Ohio 43065 in Delaware County, Ohio, which is a Shopping Center called Sawmill Powell Plaza. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant **UNITED DAIRY FARMERS INC** operates the business located at 9665 Sawmill Rd. Powell, Ohio 43065 in Delaware County, Ohio, know as "United Dairy Farmers."

7. Plaintiff has patronized Defendant's shopping center and business and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8. Upon information and belief, the shopping center and the convenience store owned or operated by the Defendants are non-compliant with the remedial provisions of the ADA. As Defendants either own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants shopping center and dairy are places of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Wagner is a current Powell, Ohio resident in Delaware County. The shopping center subject of this complaint is two miles from his home. As such, he frequents the shopping centers, restaurants, and other establishments of this shopping center and Delaware county area generally, including the Defendant's property that forms the subject of this complaint.

11. On October 28, 2021, August 8, 2022, March 1, 2023, and on many previous and subsequent occasions, Plaintiff has patronized the Defendant's property and place of business. These included as a customer at the UDF, the Golden China restaurant, Shortys, and other retailers and restaurants therein. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has

encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping center, encountered barriers to access at the shopping center, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has

reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the plaza without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the shopping center and dairy owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking lot, there is not the required number of designated mobility accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.6.1, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, there is a failure to maintain the accessible features by failing to keep

      access aisles clear of vendor's display is a violation of the ADA 2010 Compliance Standards and 1991 ADAAG Compliance Standards whose remedy is readily achievable.

C.     In the parking lot, the designated mobility accessible parking spaces are missing the required signage identifying the parking stalls as "accessible parking," in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is readily achievable.

D.     In the parking lot, the access aisles do not extend the full length of the designated accessible parking space, in violation of the ADA section 502.3.2 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

E.     In a parking lot, accessible parking spaces marked "Van Accessible" widths are too narrow, in violation of the ADA section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

G.     Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

H.     In the parking lot, the curb ramp and flared sides are improperly located in the accessible parking access aisle, in violation of the ADA section 406.5 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

I.     In the parking lot, the access aisles do not adjoin an accessible route, in violation of the ADA section 502.3. of the 2010 Standards and 1991 ADAAG section 4.6.3, whose

      remedy is strictly required or at minimum is readily achievable.

J.      The flared sides of the curb ramp, where pedestrians must walk across the ramp and where it is not protected by handrails or guardrails, the side flares are steeper than 1:10 (5.71%), in violation of the ADA section 406.3 of the 2010 Standards and 1991 ADAAG section 4.7.5, whose remedy is strictly required or at minimum is readily achievable.

K.      It the parking lot, certain of the curb ramps are missing the required detectable warning, in violation of the ADA section 406.8 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

**United Dairy Farmers (UDF) convenience store & restrooms**

L.      In the UDF, there is no accessible seated or standing dining surfaces provided where a minimum of 5% of the dining surfaces must comply with section 902, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

M.      At the Men's restroom entry, the sign providing information is not located alongside the door on the latch side, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

N.      In the Men's restroom stall, the toilet paper blocks the side grab bar, in violation of the ADA section 609.3 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

O.      In the Men's restroom stall, the height of the mirror's reflective surface is greater than 40' above the finished floor, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is

readily achievable.

P. In the Men's restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

Q. Upon information and belief, there are comparable barriers to handicap accessibility in the Women's Public Restroom, in violation of the ADA and the 2010 Standards. A survey of the Women's Public restroom is required.

**Policies and Procedures:**

R. The Defendants lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

S. The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

17. The discriminatory violations described in Paragraph 16 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place

of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The Sawmill Powell Plaza shopping center United Dairy Farmers convenience store at issue, as owned or operated by Defendants **MATTIS PROPERTIES, LLC,** and **UNITED DAIRY FARMERS, INC.** constitute a place of public accommodation and service establishment, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant's will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant's are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping plaza accessible, and make the convenience store accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the

physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendants operate and own a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

25. Defendants have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The defendants acts are willful, severe and ongoing. WHEREAS, the Defendants have failed to provide accessible public accommodations, parking and accessible routes for Mr. Wagner and other patrons throughout its shopping plaza. Defendants have not created <u>compliant</u> designated accessible parking spaces or accessible routes for use by customers with disabilities. Furthermore, the United Dairy Farmers, Inc. defendant does not offer accessible restroom facilities for Mr. Wagner.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction

requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net